IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ARVION TAYLOR, on her own behalf and others similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>PILOT CORPORATION, a Tennessee Corporation; PILOT TRAVEL CENTERS, LLC, a Delaware Limited Liability Company; and XYZ ENTITIES 1-10 (fictitious names of unknown liable entities),<br><br>　　　Defendants. | No. 2:14-cv-2294-SHL-tmp |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

　　　Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim, filed May 19, 2014.  (ECF No. 16.)  As the Court indicated to the parties at their October 10, 2014, scheduling conference, Plaintiff's Complaint (ECF No. 1) adequately meets the specificity requirements to survive a 12(b)(6) motion.  Defendants' motion is DENIED.

I.　　STANDARD OF REVIEW

　　　Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009).  Detailed factual allegations are not required under Rule 8, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all

reasonable inferences in favor of the plaintiff." Handy-Clay .v City of Memphis, Tenn., 695 F.3d 531, 538 (6th Cir. 2012) (quoting Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal at 678. In applying those principles to the facts before it, a court must determine whether the complaint states a plausible claim for relief. Id. That determination is context-specific, but "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – that the pleader is entitled to relief." Id. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

II.   ANALYSIS

Defendants support their motion to dismiss with several arguments. First, they allege that Plaintiff Arvion Taylor ("Ms. Taylor") has not established an employment relationship between her and the defendants. Second, they argue that Ms. Taylor has not alleged the amount and extent of her work for which she was not compensated, or that the work was compensable. Finally, they allege that Plaintiff has not adequately demonstrated that she is similarly situated to other employees to warrant a collective action under the Fair Labor Standards Act ("FLSA"). None of the Defendants' claims justify granting the motion to dismiss.

The Defendants claim that Plaintiff has pled no facts establishing an employment relationship, including nothing regarding the degree of supervision, nor the right to hire, fire, or modify her employment conditions. Defendants also argue Plaintiff has inadequately pled joint employment in that the complaint fails to address the factors necessary to make such a determination – interrelation of operations between the companies; common management; centralized control of labor relations; and common ownership. Metropolitan Detroit Bricklayers Dist. Council v. J.E. Hoetger & Co., 672 F.2d 580, 584 (6th Cir. 1982). Both arguments fail.

The FLSA defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Plaintiff points to the Supreme Court's statement that the FLSA's definition of "employer" is to be construed "expansively," to include entities with "managerial responsibilities" and "substantial control of the terms and conditions of the work of the employees." Stewart v. CUS Nashville, No. 3:11–CV–0342 , 2011 WL 2600622 (M.D. Tenn. June 29, 2011) (citing Falk v. Brennan, 414 U.S. 190, 195 (1973)). Plaintiff's complaint pleads adequate facts to defeat both of the Defendants' claims. In her Complaint, Plaintiff claims "PILOT CORPORATION, PILOT TRAVEL CENTERS, LLC, and XYZ ENTITIES 1-10, have employed Plaintiff and the others similarly situated at the locations nationwide with centralized management in Tennessee as well as through General Managers overseeing Defendants' various locations across the country." (ECF No. 1 at 2-3.) In addition, it alleges that "PILOT CORPORATION and PILOT TRAVEL CENTERS, LLC, directly or indirectly, have acted in the interest of an employer toward Plaintiff and the other similarly situated, non-exempt hourly employees at times material to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated, including, *inter alia*, paying the wages earned by Plaintiff and the other similarly situated employees through Defendants' corporate office located at 5508 Lonas Road, Knoxville, Tennessee 37909." (Id. at 3.) Given the expansive nature of the term "employer" and the broadly pled allegations, Plaintiff has offered sufficient pleadings to survive the motion to dismiss.

In support of their claim that the Complaint lacks allegations concerning the amount of and extent of work for which overtime wages are allegedly owed, Defendants cite to cases from district courts in other circuits that demand a high degree of specificity from Plaintiffs regarding

3

a description of the number of hours they worked without compensation.  Courts in this district have rejected the demand for such specificity.  In Carter v. Jackson-Madison County Hosp. Dist., No. 1:10–CV–01155–JDB–EGB, 2011 WL 1256625 (W.D. Tenn. March 31, 2011), Judge Breen embraced a line of cases that held that a plaintiff's failure to outline the details of how much she worked in excess of 40 hours should not lead to dismissal under Rule 12(b)(6).  See Monroe v. FTS USA, LLC, No. 2:08–CV–02100–BBD–DK, 2008 WL 2694894, at *3 (W.D. Tenn. July 9, 2008); Noble v. Serco, Inc., No. 3:08–76–DCR, 2009 WL 1811550, at *2 (E.D. Ky. June 25, 2009).  In Monroe, the Sixth Circuit also held that while detailed information is desirable for Defendants, "according to the liberal standard of notice pleading set out by the federal rules, it is not necessary for Plaintiffs to provide specific details under Fed. R. Civ. P. 8(a)."  (Id. at *3.) Plaintiff has provided adequate details in this case to survive a motion to dismiss, including details on her rate of pay, dates, and location of employment.  Defendants' demand for a greater level of detail is not supported by case law from this circuit.

 Finally, Defendants argue that Ms. Taylor has not pled sufficient facts to establish a collective-action claim under the FLSA.  Defendants acknowledge that while some courts first choose to determine whether a collective action may be maintained under the FLSA upon a motion for conditional certification, it urges this Court to dismiss the collective action claim at the pleading stage, consistent with similar decisions by courts in the Northern District of Georgia (Dyer v. Lara's Trucks, Inc., 2013 WL 609307 (N.D. Ga. Feb. 19, 2013) and the Middle District of Alabama (Pickering v. Lorillard Tobacco Co., 2011 WL 111730 (M.D. Ala. Jan. 13, 2011). However, Judge Anderson, who sits in the Western District of Tennessee, rejected a similar request for a high-degree of specificity at the pleading stage in Ambrose v. Northstar Memorial Group, LLC, No. 2:12–CV–2278–STA–DKV, 2012 WL 3727156 (W.D. Tenn. Aug. 27, 2012).

In that case, the Defendant alleged that because the Plaintiff had not named any other similarly situated individuals by name that the collective action component of the suit must be dismissed. Judge Anderson rejected that argument, and drew a distinction between the evidentiary standards for conditional certification and the pleading requirements with an FLSA action. "The Sixth Circuit recently reaffirmed that evidentiary standards are not be confused with pleading requirements, and the Court will not confuse the evidentiary requirement of similarly situated standard with the pleading requirements necessary to set forth a collective FLSA action in a complaint." Id. at *3. This Court agrees with Judge Anderson's analysis.

Because Plaintiff's Complaint meets the pleading requirements to survive a 12(b)(6) motion to dismiss, Defendants' motion is hereby DENIED.

**IT IS SO ORDERED,** this 23rd day of October, 2014.

/s/ Sheryl H. Lipman
UNITED STATES DISTRICT JUDGE0